TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| BERNARDO GUERRA Y SILVIA GUERRA<br><br>Apelados<br><br>v.<br><br>DAVID CLAYPOOLEE Y JAMI CLAYPOOLEE<br><br>Apelantes | TA2025AP00007 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Civil Núm.: SJ2022CV05708<br><br>Sobre: Cobro de Arrendamiento; Incumplimiento de Contrato; Daños y Perjuicios |
|---|---|---|

Panel integrado por su presidenta, la Jueza Brignoni Mártir, la Jueza Álvarez Esnard y la Jueza Prats Palerm.

Prats Palerm, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 5 de septiembre de 2025.

Comparecen David Claypoolee y Jami Claypoolee (en conjunto, "matrimonio Claypoolee" o "Apelantes") mediante *Apelación* y nos solicitan que revoquemos la *Sentencia* emitida y notificada el 16 de mayo de 2025 por el Tribunal de Primera Instancia, Sala Superior de San Juan ("TPI"). En virtud del referido dictamen, el TPI declaró Ha Lugar la demanda instada por Bernardo Guerra y Silvia Guerra (en conjunto, "matrimonio Guerra" o "Apelados") y condenó a los Apelantes al pago de $63,000.00, por concepto de cánones de arrendamiento dejados de pagar, más los recargos acumulados y la suma de $5,000.00 por concepto de temeridad.

Por los fundamentos que proceden, se confirma el recurso.

**I.**

El 27 de junio de 2022, el matrimonio Guerra presentó una *Demanda* en contra del matrimonio Claypoole sobre cobro de arrendamiento, incumplimiento de contrato y daños y perjuicios. Atinente a la controversia ante nos, señalaron que el 14 de mayo de 2020 las partes suscribieron un Contrato de Arrendamiento ("Contrato"). Indicaron que, en virtud del mismo, le arrendaron a la parte apelante un bien inmueble

ubicado en San Juan, Puerto Rico por un canon de arrendamiento mensual de $4,500.00. Añadieron que el referido Contrato tenía un término de tres (3) años, comenzando a partir del 1 de junio de 2020 hasta el 31 de mayo de 2023. No obstante, alegaron que el matrimonio Claypoole desalojó la propiedad antes del vencimiento del contrato. Ante ello, sostiene que le requirieron el pago de los cánones de arrendamiento dejados de percibir.

Consecuentemente, el 19 de diciembre de 2022, el matrimonio Claypoole notificó su *Contestación a la Demanda*. Adujeron que, tras múltiples comunicaciones, las partes habían acordado la resolución del contrato mediante un pago en finiquito. Expusieron, a su vez, que la propiedad se devolvió luego de una inspección en la cual participaron todas las partes.

Tras varias instancias procesales, los días 28, 29 y 30 de abril de 2025, se celebró el juicio en su fondo. Aquilatada la prueba documental y testifical, el 16 de mayo de 2025, el foro de instancia emitió y notificó una *Sentencia*. Mediante el referido dictamen, el TPI realizó las siguientes determinaciones de hechos:

1. Los demandantes son dueños de un bien inmueble ubicado en la calle Garza 29, Urb. Montehiedra, San Juan, Puerto Rico.

2. El 2 de mayo de 2020, las partes de epígrafe otorgaron un contrato de arrendamiento de la propiedad mencionada en el párrafo 1, siendo los demandantes los arrendadores y los demandados, los arrendatarios.

3. **El canon de arrendamiento se pactó en $4,500.00 mensuales.**

4. El corredor de bienes raíces que intervino en la transacción fue Gerardo "Jerry" Lago, quien era el corredor de los demandados.

5. **El contrato de arrendamiento tenía un término de tres años comenzando el 1ro de junio de 2020 hasta el 31 de mayo de 2023.**

6. El 20 de enero de 2022, los demandados indicaron a los demandantes que interesaban retirarse de la casa antes del vencimiento del contrato.

7. Las partes intercambiaron comunicaciones por correo electrónico por medio del señor Lago. Esto es, no hubo comunicación directa entre las partes en cuanto al interés de los demandados de irse de la casa antes del vencimiento del contrato, sino que las conversaciones se dieron a través del señor Lago. Las partes le enviaban comunicaciones al señor Lago quien las comunicaba a la otra parte.

**8. Los demandados dejaron de pagar 14 meses del contrato, a razón de $4,500.00 mensuales para un total de $63,000.00.**

9. Cada mes dejado de pagar conllevaba una penalidad de 10% por mes.

10. Los demandantes se habían establecido en Miami, Florida, Estados Unidos y regresaron a Puerto Rico antes de lo provisto, ante el abandono de la casa por parte de los demandados.

11. Los demandantes levantaron un Acta Notarial, Escritura número 8, otorgada el 30 de diciembre de 2022 ante la notario, Lcda. Frances M. Hernández Fuster. De dicha acta surgen las condiciones en que se encontraba la casa al momento que los demandados se fueron de allí.[1]

(Énfasis suplido)

El foro de instancia añadió que, conforme a los testimonios de la señora Guerra y del corredor de bienes raíces, el señor Gerardo "Jerry" Lago, nunca se logró un acuerdo para resolver el contrato antes de su vencimiento. Como resultado, declaró *Ha Lugar* la *Demanda* instada por la parte apelada y le ordenó a la parte apelante el pago de $63,000.00 correspondiente los cánones de arrendamiento adeudados, más $6,300.00 por concepto de recargos.

Asimismo, determinó que el matrimonio Claypoole actuó con temeridad en el trámite del caso, ya que se marcharon de la casa antes del vencimiento del contrato e insistieron en ver un juicio sin contar con

---

[1] *Véase,* Apéndice del recurso, Entrada Núm. 145, págs. 1-2.

prueba justificativa de las defensas alegadas. Como corolario, les impuso el pago de $5,000.00 por concepto de honorarios por temeridad.

Insatisfechos, el 2 de junio de 2025, los apelantes instaron una *Moción de Reconsideración de Sentencia,* la cual fue denegada el día siguiente mediante *Resolución Interlocutoria.*

Inconformes aún, el 16 de junio de 2025, el matrimonio Claypoole acudió ante esta Curia a través de un recurso de *Apelación.* Los apelantes le imputaron al foro de instancia la comisión de los siguientes señalamientos de error:

> **Erró el Tribunal De Primera Instancia al imponer honorarios por temeridad sin que existiera base jurídica ni fáctica suficiente para justificar dicha imposición.**

> **Erró el Tribunal De Primera Instancia al concluir que no existió acuerdo alguno -ni expreso ni tácito- para la terminación anticipada del contrato de arrendamiento.**

> **Erró el Tribunal De Primera Instancia al no aplicar la doctrina de mitigación de daños, a pesar de que los demandantes-apelados reocuparon voluntariamente la propiedad y renunciaron a su potencial ingreso por alquiler.**

> **Erró el Tribunal De Primera Instancia al no considerar ni aplicar la doctrina de enriquecimiento injusto, permitiendo que los demandantes-apelados obtuvieran un beneficio económico indebido por el uso propio de la propiedad.**

El 5 de agosto de 2025, el matrimonio Guerra instó su *Alegato en Oposición a Recurso de Apelación.*

Ante el hecho de que los apelantes presentaron señalamientos de error relacionados con la apreciación de la prueba, el 7 de agosto de 2025, este Tribunal emitió una Resolución concediéndole un término perentorio e improrrogable de quince (15) días para presentar la transcripción de la prueba oral debidamente estipulada. En la misma se le apercibió que de no presentarla, se entendería renunciado todo se señalamiento de error que su adjudicación dependiera de la evaluación de la prueba oral.

El 22 de agosto de 2025, el matrimonio Claypoole presentó una *Moción Informativa,* "para anunciar su renuncia expresa a los

señalamientos de error relacionados con la apreciación de la prueba por el foro primario".[2]

El 25 de agosto de 2025, la parte apelada, instó una *Moción Solicitando Desestimación de Recurso de Apelación*. Sostuvo que el matrimonio Claypoole incumplió con lo ordenado por este foro apelativo y, por tanto, procedía la desestimación del recurso. Consecuentemente, el 26 de agosto de 2025, el matrimonio Guerra notificó una *Segunda Moción Solicitando Desestimación de Recurso de Apelación*. Señaló que no se había percatado de la *Moción Informativa* instada por la parte apelante. No obstante, reiteró que procede la desestimación del recurso. Arguyó que los apelantes renunciaron a todos los señalamientos de errores porque, a su entender, todos impugnan la apreciación de la prueba. Así, pues, adujo que, al no presentar la transcripción solicitada, el matrimonio Claypoole no nos colocó en posición de atender los señalamientos de errores.

Examinado el recurso, somos del criterio que únicamente el segundo señalamiento de error impugna la apreciación de la prueba oral. Siendo así, denegamos la desestimación peticionada por los apelados. Perfeccionado el recurso y contando con el beneficio de la comparecencia de las partes, procedemos a resolver.

**II.**

**-A-**

El Artículo 1230 del Código Civil de Puerto Rico, 31 LPRA sec. 9751, establece que "[e]l contrato es el negocio jurídico bilateral por el cual dos o más partes expresan su consentimiento en la forma prevista por la ley, para crear, regular, modificar o extinguir obligaciones". A tenor con lo anterior, "[l]o acordado en los contratos tiene fuerza de ley entre las partes, ante sus sucesores y ante terceros que dispone la ley". Art. 1233 del Código Civil, 31 LPRA sec. 9754.

---

[2] *Véase*, SUMAC, Tribunal de Apelaciones, Entrada Núm. 8.

Los contratos quedan perfeccionados "desde que las partes manifiestan su consentimiento sobre el objeto y la causa". Art. 1237 del Código Civil, 31 LPRA sec. 9771. Es decir, el contrato surge al momento en que las partes consienten en obligarse a cumplir con determinadas prestaciones. *Amador v. Conc. Igl. Univ. De Jesucristo*, 150 DPR 571, 581-582 (2000). Como corolario, es principio básico del derecho de obligaciones que nadie está obligado a contratar. *PRFS v. Promoexport*, 187 DPR 42, 55 (2012); *Colón v. Glamorous Nails*, 167 DPR 33, 44 (2006); *Prods. Tommy Muñiz v. COPAN*, 113 DPR 517, 526 (1982).

Los tribunales están facultados para velar por el cumplimiento de los contratos y, como resultado, no deben relevar a una parte del cumplimiento de su obligación contractual cuando dicho contrato sea legal y válido y no contenga vicio alguno. *Mercado, Quilichini v. U.C.P.R.*, 143 DPR 610, 627 (1997).

Atinente a la controversia ante nos, mediante el contrato de arrendamiento, "el arrendador se obliga a ceder temporalmente al arrendatario el uso y disfrute de un bien a cambio de un precio cierto". Art. 1331 del Código Civil, 31 LPRA sec. 10101. Nuestro ordenamiento permite al arrendador resolver el contrato cuando el arrendatario:

> (a) abandona o deja de usar el bien arrendado, o varía el uso convenido;
> (b) incumple la obligación de conservar, por sí o por un tercero a cuenta suya, el bien arrendado; o
> (c) deja de pagar el alquiler convenido durante dos (2) períodos consecutivos. Art. 1348 del Código Civil, 31 LPRA sec. 10171

Por otra parte, el arrendatario podrá resolver el contrato cuando el arrendador:

> (a) incumple la obligación de conservar la cosa para que esta sea apta para el uso convenido;
> (b) incumple las garantías relacionadas con la evicción o los vicios redhibitorios; o
> (c) le priva, por razón de las mejoras que efectúa, del uso parcial. El arrendatario puede, alternativamente, pedir una rebaja proporcional durante el tiempo de la privación. Art. 1349 del Código Civil, 31 LPRA sec. 10172

A su vez, las partes podrán convenir la resolución anticipan del contrato de arrendamiento. Art. 1350 del Código Civil, 31 LPRA sec. 10173.

**-B-**

La doctrina del enriquecimiento injusto constituye un principio general del derecho fundado en la equidad, concebido como corolario del ideal de justicia que permea en todo ordenamiento jurídico. *S.L.G. Sánchez v. S.L.G. Valentín*, 186 DPR 503, 516 (2012); *E.L.A. v. Cole,* 164 DPR 608 (2005); *Ortiz Andújar v. E.L.A.*, 122 DPR 817 (1988). El Artículo 1526 del Código Civil de 2020, 31 LPRA sec. 10771, codificó la doctrina de enriquecimiento injusto de la siguiente manera:

> Si una persona, sin justa causa, se enriquece a expensas de otra, está obligada a indemnizarla de la correlativa disminución patrimonial en la medida de su propio enriquecimiento, ya sea que este provenga de la obtención de una ventaja o de la evitación de un perjuicio.

Como norma, la acción por alegado enriquecimiento injusto solo es de aplicación en defecto de ley u obligación que provea para otra causa de acción. *Domínguez Maldonado v. E.L.A.,* 137 DPR 954 (1993). Así dispuesto, el reclamo por enriquecimiento injusto procede cuando la ley no ha previsto una situación en la que se produce un desplazamiento patrimonial que no encuentra una explicación razonable en el ordenamiento vigente. *S.L.G. Sánchez v. S.L.G. Valentín, supra*, pág. 515.

Para que proceda la aplicación de la aludida doctrina, es necesario que concurran los siguientes factores: (1) existencia de un enriquecimiento; (2) un correlativo empobrecimiento; (3) una conexión entre dicho empobrecimiento y enriquecimiento; (4) falta de una causa que justifique el enriquecimiento; (5) inexistencia de un precepto legal que excluya la aplicación del enriquecimiento sin causa. *E.L.A. v. Cole, supra*, pág. 633.

Sobre la falta de causa que justifique el enriquecimiento, el Tribunal Supremo ha explicado que **"el enriquecimiento no es injusto siempre que tenga como equivalente una prestación contractual o título**

**oneroso o gratuito, o que haya sido obtenido como cumplimiento de una obligación legal o natural"**. (Énfasis suplido). *Ortiz Andújar v. E.L.A.*, *supra*, pág. 829, citando a G. Velázquez, *El enriquecimiento injusto en el Derecho Puertorriqueño*, 5 Rev. Der. Leg. Jur. C. Abo. P.R. 176, 181-182 (1933).

### -C-

Como es sabido, la apreciación de la prueba que realiza el TPI en el ejercicio de su sana discreción está revestido de confiabilidad y merece nuestro respeto y deferencia. *Argüello v. Argüello,* 155 DPR 62, 79 (2001) citando a *Pueblo v. Bonilla Romero*, 120 DPR 92, 111 (1987). En vista de lo anterior, la valoración que lleva a cabo el foro primario se presume correcta, toda vez que es este quien tiene la oportunidad de ver, escuchar y valorar las declaraciones de los testigos, así como sus lenguajes no verbales. *Pueblo v. Santiago et al.*, 176 DPR 133, 148 (2009); *Pueblo v. Acevedo Estrada*, 150 DPR 84, 99 (2000). Al respecto, nuestro más Alto Foro ha expresado lo siguiente:

> […] no sólo habla la voz viva. También hablan las expresiones mímicas: el color de las mejillas, los ojos, el temblor o consistencia de la voz, los movimientos, el vocabulario no habitual del testigo, son otras tantas circunstancias que deben acompañar el conjunto de una declaración testifical y sin embargo, todos estos elementos se pierden en la letra muda de las actas, por lo que se priva al Juez de otras tantas circunstancias que han de valer incluso más que el texto de la declaración misma para el juicio valorativo que ha de emitir en el momento de fallar; le faltará el instrumento más útil para la investigación de la verdad: la observación. *Pueblo v. Toro Martínez*, 200 DPR 834, 857 (2018), citando a *Ortiz v. Cruz Pabón*, 103 DPR 939, 947 (1995).

A esos efectos, el Tribunal Supremo de Puerto Rico ha resuelto que **un tribunal revisor no debe sustituir su criterio por el del foro de instancia, salvo cuando estén presentes circunstancias extraordinarias o indicios de pasión, prejuicio, parcialidad o error manifiesto**. *Coop. Seguros Múltiples de P.R. v. Lugo*, 136 DPR 203, 208 (1994) (Énfasis suplido).

En consecuencia, este Tribunal Apelativo no debe intervenir con las determinaciones de hechos, con la apreciación de la prueba ni con la

adjudicación de credibilidad efectuadas por el mismo, excepto en aquellas situaciones en que se demuestre que este último: (1) actuó con prejuicio o parcialidad; (2) incurrió en un craso abuso de discreción, o; (3) se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo. *Pueblo v. Irizarry,* 156 DPR 780, 789 (2002); *Pueblo v. Maisonave Rodríguez*, 129 DPR 49, 62-63 (1991). De igual forma, se podrá intervenir con la determinación del TPI cuando la referida valoración se aparte de la realidad fáctica o resulte inherentemente imposible o increíble. *Pueblo v. Martínez Landrón,* 202 DPR 409, 424 (2019) citando a *Pueblo v. Maisonave Rodríguez, supra,* pág. 63. De manera que, este Tribunal solo podrá intervenir con la apreciación del foro juzgador si, luego de evaluar minuciosamente la prueba del caso, guardamos serias, razonables y fundadas dudas acerca de la culpabilidad del acusado. *Pueblo v. Casillas, Torres,* 190 DPR 398, 415-417 (2014).

**-D-**

La Regla 44.1 (d) de Procedimiento Civil, 32 LPRA Ap. V, R. 44.1 (d), regula la imposición de honorarios de abogado, estableciendo lo siguiente:

> En caso de que cualquier parte o su abogado o abogada haya procedido con temeridad o frivolidad, el tribunal deberá imponerle en su sentencia al responsable el pago de una suma por concepto de honorarios de abogado que el tribunal entienda correspondan a tal conducta. [...]

Nuestra más alta Curia ha definido la temeridad como "una actitud que se proyecta sobre el procedimiento y que afecta el buen funcionamiento y administración de la justicia". *Fernández v. San Juan Cement Co. Inc.,* 118 DPR 713, 718 (1987). Se entiende que un litigante actúa con temeridad cuando "por su terquedad, obstinación, contumacia e insistencia en una actitud desprovista de fundamentos, obliga a la otra parte, innecesariamente a asumir las molestias, gastos, trabajo e inconveniencias de un pleito". *Andamios de P.R. v. Newport Bonding,* 179 DPR 503, 520 (2010).

La imposición de honorarios de abogado por temeridad busca establecer una penalidad al litigante perdidoso que instó un pleito frívolo

y debido a ello fuerza a la otra parte a incurrir en gastos y trabajo innecesarios, o a la parte que extendió excesivamente un pleito ya incoado. Por consiguiente, ésta busca disuadir la litigación innecesaria. *ELA v. Ojo de Agua Development, Inc.*, 205 DPR 502 (2020).

El requisito de la existencia de una actuación temeraria hace que la Regla 44.1 de las de Procedimiento Civil, *supra,* tenga el propósito de penalizar o sancionar a la parte que incurre en la conducta proscrita por dicha regla. *Íd.* No obstante, el Tribunal Supremo ha relevado del pago de honorarios de abogado a litigantes que pierden un pleito donde hubo controversias fácticas reales que requerían el examen de la prueba testifical y documental. *Santos Bermúdez v. Texaco P.R., Inc.*, 123 DPR 351, 357-358 (1989).

La evaluación de si ha mediado o no temeridad recae sobre la discreción sana del tribunal sentenciador y solo se intervendrá con ella en casos en que ese foro haya abusado de tal facultad. *S.L.G. Flores-Jiménez v. Colberg,* 173 DPR 843, 866 (2008). Los tribunales apelativos no deben intervenir con el ejercicio de esa discreción, salvo que se demuestre que hubo un craso abuso de discreción; que el foro recurrido actuó con prejuicio o parcialidad; que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, o cuando la cuantía impuesta sea excesiva. *P.R. Oil v. Dayco,* 164 DPR 486, 511 (2005).

**III.**

A través del primer señalamiento de error, los apelantes aducen que el foro de instancia incidió al imponer honorarios por temeridad sin justificación. En específico, manifiestan que presentaron una defensa basada en el entendimiento de que existió un acuerdo modificativo entre las partes. Siendo así, expresó que litigar a base de tal defensa no constituye temeridad.

Según hemos discutido, la determinación de temeridad recae sobre la sana discreción del foro de instancia. En el caso de marras, no encontramos indicios de abuso de discreción en la imposición de

temeridad, ni que la suma haya sido excesiva. El TPI fundamentó adecuadamente su determinación al imponer la temeridad. Por todo lo cual, somos del criterio que el primer error no fue cometido.

En virtud del segundo señalamiento de error, el matrimonio Claypoole manifiesta que el foro de instancia erró al determinar que no existió un acuerdo para la terminación del contrato. De manera particular, señala que los actos del matrimonio Guerra, al habitar la propiedad posterior al desalojo de los apelantes, denotó una aceptación tácita de la terminación del contrato.

De entrada, señalamos que el expediente se encuentra ausente de la transcripción de la prueba oral vertida durante el juicio en su fondo. Habiéndole concedido a los apelantes un término para presentar la transcripción de la prueba oral debidamente estipulada, el matrimonio Claypoole optó por no reproducirla y renunciar a todos los señalamientos de errores que impugnaran la apreciación de la prueba. Por tanto, renunció a su segundo señalamiento de error y, como resultado, no nos compete su discusión.

Los errores tercero y cuarto serán discutidos de manera conjunta. En síntesis, los apelantes sostienen que el foro de instancia incidió al no aplicar las doctrinas de mitigación de daños y enriquecimiento injusto. Adelantamos que tales errores no justifican una discusión profunda.

Somos del criterio que ambas doctrinas resultan totalmente improcedentes y carecen de mérito. En primer lugar, en el caso de marras, el TPI no concedió una indemnización por concepto de daños. Al contrario, el foro de instancia denegó la reclamación de daños por incumplimiento contractual instada por los apelados, ya que determinó que no se presentó prueba a esos efectos. El pago impuesto a los apelantes responde únicamente a los cánones de arrendamiento acordados hasta la fecha de vencimiento del contrato y que venían obligados a pagar. Por todo lo cual, no procedía aplicar la doctrina de mitigación de daños.

En segundo lugar, para invocar la doctrina de enriquecimiento injusto, no puede existir una causa que justifique el enriquecimiento. Destacamos que, en el caso de epígrafe, el foro de instancia concluyó que existía un contrato de arrendamiento mediante el cual el matrimonio Claypoole se obligó a pagar un canon de arrendamiento mensual de $4,500.00 por el término de tres (3) años. Como resultado, el foro de instancia no podía aplicar la doctrina de enriquecimiento injusto. Así dispuesto, resulta forzoso concluir que los errores tercero y cuarto no fueron cometidos.

## IV.

Por los fundamentos que anteceden, se *Confirma* la *Sentencia* apelada.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones. La Jueza Álvarez Esnard concurre sin escrito.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones